UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH FERRARO; and<br>DOUBLE K EXPRESS, INC. | : CIVIL CASE NO.<br>:<br>: |
| VS. | :<br>: |
| OTIS DELANO REYNOLDS; and<br>AKA 1 TRANS, INC. | :<br>: February 21, 2019 |

## COMPLAINT

**FIRST COUNT:** (AS TO JOSEPH FERRARO VS. OTIS DELANO REYNOLDS, ET AL)

1. At all times mentioned herein, the plaintiff, Joseph Ferraro, was a citizen of the State of Tennessee.

2. At all times mentioned herein, the plaintiff, Double K Express, Inc., was a Tennessee corporation with its principal place of business located at 2294 Tollisontown Road, Sparta, Tennessee.

3. On and before August 8, 2017, the defendant, AKA 1 Trans, Inc., was a Wisconsin corporation with its principal place of business located at N1171 Sandalwood Drive, Pell Lake, Wisconsin.

4. On and before August 8, 2017, the defendant, Otis Delano Reynolds, was a citizen of the State of Florida.

1

5. Jurisdiction is in this court pursuant to 28 U.S.C. Section 1332.

6. On and before August 8, 2017, the defendant, AKA 1 Trans, Inc. (hereinafter "AKA"), owned a 2007 Volvo VN780 tractor bearing Vehicle Identification Number 4V4NC9TK87N461205.

7. On and before August 8, 2017, the plaintiff, Double K Express, Inc. (hereinafter "Double K") owned a 2016 Peterbilt 386 tractor bearing vehicle identification number INPXGGGG70D321010.

8. On August 8, 2017 at approximately 3:00 a.m., the Double K tractor was parked on the premises of the Frito-Lay facility at 1886 Upper Maple Street, Dayville, Connecticut.

9. At that time and place, the plaintiff, Joseph Ferraro, was asleep in the bunk of that tractor.

10. At that time and place, the defendant, Otis Delano Reynolds, was operating the 2007 Volvo VN780 tractor referenced in paragraph 6, above.

11. At that time and place, Otis Delano Reynolds was operating that vehicle as the agent, servant, and employee of defendant AKA within the scope of his authority.

2

12. At that time and place, the tractor being operated by the defendant Otis Delano Reynolds struck the tractor in which the plaintiff, Joseph Ferraro was sleeping, causing the plaintiff, Joseph Ferraro to fall from his bunk.

13. As a result of that crash, the plaintiff, Joseph Ferraro sustained severe, painful and permanent injuries consisting of a shock to his nervous system, lumbosacral neuritis, cervical spondylosis with left cervical radiculopathy, lumbosacral spondylosis with radiculopathy, neuroforaminal stenosis at C3-4, C5-6, C7-T1, headache. Those injuries have caused him and will cause him pain and suffering, mental distress and anxiety, and have caused him and will cause him to limit his activities.

14. As a result of those injuries, the plaintiff, Joseph Ferraro has incurred expenses for hospitalization, diagnostic imaging and testing, medication, physical therapy, epidural steroidal injections, consultation, and transportation.

15. As a further result of those injuries, the plaintiff, Joseph Ferraro has lost time from work, will lose time from work, and his earning capacity has been impaired, all to his financial loss.

16.     The plaintiff Joseph Ferraro's injuries and losses, as described herein, were proximately caused by the negligence of the defendant, Otis Delano Reynolds, in one or more of the following ways, in that:

    (a)     He failed to be watchful of his surroundings;

    (b)     He failed to keep his tractor under proper and reasonable control;

    (c)     He moved his tractor when such movement could not have been made with reasonable safety and without colliding with the Ferraro tractor, in violation of due care and Section 14-243 of the Connecticut General Statutes;

    (d)     He failed to keep a proper and reasonable lookout for other motor vehicles upon the parking lot;

    (e)     He failed to apply his brakes in time to avoid the collision;

    (f)     He operated the tractor when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order in violation of due care and section 14-80h(a) of the Connecticut General Statutes;

    (g)     He failed to give a warning;

      (h)    He failed to turn the tractor to the left or to the right to avoid that collision.

**SECOND COUNT:**  (AS TO DOUBLE K EXPRESS, INC. VS. OTIS DELANO REYNOLDS, ET AL)

1-16.    Paragraphs 1-16 of the First Count are hereby incorporated as paragraphs 1-16 of the Second Count.

17.    As a result of that crash, the plaintiff Double K lost the use of that tractor, to its financial loss.

**THE PLAINTIFFS CLAIM DAMGES AS FOLLOWS:**

1. The plaintiff, Joseph Ferraro, claims compensatory damages in an amount greater than Two Hundred Fifty Thousand ($250,000.00) Dollars;

2. The plaintiff, Double K Express, Inc., claims compensatory damages in an amount greater than Seventy-Five Thousand ($75,000.00) Dollars;

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated at New Haven, Connecticut this ___21st___ day of February, 2019.

THE PLAINTIFFS,

BY: _____
STEVEN D. JACOBS, ESQ.
JACOBS & JACOBS, LLC
700 STATE STREET
NEW HAVEN, CT 06511
PHONE: (203) 777-2300
FAX: (203) 773-8075
FED. BAR NO. CT00409
steve@jacobs-jacobs.com

6